**UNITED STATES of America, Plaintiff,**

v.

**John J. McDONNELL, Defendant.**

**No. 88 CR 199.**

United States District Court,
N.D. Illinois, E.D.

Sept. 15, 1988.

Thomas M. Durkin, Jeffrey E. Stone, U.S. Attorney's Office, Chicago, Ill., for plaintiff.

Patrick A. Tuite, David S. Mejia, Tuite, Mejia & Giacchetti, Chicago, Ill., for defendant.

**358**

## ORDER

ALESIA, District Judge.

On March 14, 1988, a grand jury returned a seven-count indictment against the defendant, a judge in the Circuit Court of Cook County, Illinois. Count One of the indictment charges the defendant with various acts of racketeering, in violation of the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1962(c). It includes 20 separate predicate acts, most of which allege that the defendant committed multiple acts of bribery during his tenure as a judge. Counts Two and Three of the indictment charge the defendant with two separate acts of extorting cash from an attorney, in violation of the Hobbs Act, 18 U.S.C. § 1951(b)(2). Count Four of the indictment charges the defendant with obstruction of justice, in violation of 18 U.S.C. § 1503, based on the defendant's alleged suggestion to another attorney to conceal their mutual involvement in the charged bribery scheme if questioned by law enforcement officials. Finally, Counts Five, Six, and Seven of the indictment charge the defendant with willfully making false statements by underreporting his income on his federal income tax returns for the years 1981, 1982, and 1983, respectively, in violation of 26 U.S.C. § 7206(1).

Currently before the Court are four pretrial motions filed by the defendant. Two of these motions relate to the sufficiency of the indictment itself; the other two merely seek certain pretrial discovery. The Government has filed a consolidated response to the motions. The defendant has filed no reply. We rule on each of the defendant's motions in turn.

### I. *Motion To Dismiss Indictment*

The defendant argues that the bulk of the seven-count indictment in this case is unconstitutionally vague and insufficient. Specifically, the defendant contends that RICO predicate acts 1, 2, 3, 18, 19, and 20 of Count One, as well as Counts Two through Seven in their entirety, fail to adequately apprise him of the charges he is called upon to defend. In support of his motion, the defendant cites the absence of critical identifying details in the challenged portions of the indictment. In response, the Government has voluntarily furnished some, but not all, of the missing details. The Government claims that the remainder of the identifying information need not be furnished because it merely constitutes "minor evidentiary detail," the omission of which does not render the indictment defective.

█ In analyzing the sufficiency of an indictment, the Court must consider what is alleged in the indictment when read in its entirety. *United States v. Hoag*, 823 F.2d 1123, 1126 (7th Cir.1987); *see also United States v. Esposito*, 771 F.2d 283, 288 (7th Cir.1985); *cert. denied*, 475 U.S. 1011, 106 S.Ct. 1187, 89 L.Ed.2d 302 (1986). Common sense and reason prevail over technicalities. *United States v. Climatemp, Inc.*, 482 F.Supp. 376, 382 (N.D.Ill.1979), *aff'd sub nom. United States v. Reliable Sheet Metal Works, Inc.*, 705 F.2d 461 (7th Cir.), *cert. denied*, 462 U.S. 1134, 103 S.Ct. 3116, 77 L.Ed.2d 1370 (1983). The defendant is entitled to an indictment that states all of the elements of the offense charged, informs him of the nature of the charge so that he may prepare a defense, and protects him from double jeopardy by enabling him to plead the judgment as a bar to any later prosecution for the same offense. *Russell v. United States*, 369 U.S. 749, 763–764, 82 S.Ct. 1038, 1046–1047, 8 L.Ed.2d 240 (1962); *United States v. Neapolitan*, 791 F.2d 489, 500–01 (7th Cir.), *cert. denied*, 479 U.S. 940, 107 S.Ct. 422, 93 L.Ed.2d 372 (1986); *United States v. Gironda*, 758 F.2d 1201, 1209 (7th Cir.), *cert. denied*, 474 U.S. 1004, 106 S.Ct. 523, 88 L.Ed.2d 456 (1985).

Guided by these standards, we undertake a detailed examination of the sufficiency of the indictment. Count One charges a RICO violation. Tracking the language of Section 1962(c) of the RICO statute, Count One specifically alleges that while the defendant, a judge, was employed by and associated with the Circuit Court of Cook County, an enterprise, he knowingly conducted and participated in the affairs of that enterprise through a pattern of racke-

teering activity. *See* 18 U.S.C. § 1962(c). That pattern of racketeering activity consists of 20 separate underlying predicate acts.

The first predicate act alleges that between August, 1983 until on or about 1986, the defendant obstructed justice by suggesting to Bernard Mann, another attorney, that if law enforcement officials approached Mann and asked him about the bribery scheme in which the defendant and Mann allegedly participated, Mann should not divulge their involvement, but instead, should falsely state that neither the defendant nor Mann was involved in any wrongdoing.[1]

The remainder of the predicate acts (numbers 2 through 20) set forth specific instances of alleged bribery and official misconduct. Each of these predicate acts is styled in the language of the applicable Illinois bribery and official misconduct statutes. *See* Ill.Rev.Stat. ch. 38, ¶¶ 33–1(d), (e) and 33–3(d). With a few exceptions, each of these predicate acts identifies the date the defendant allegedly accepted or solicited the bribe; the name of the attorney who allegedly made the bribe or was solicited for the bribe; the amount of the bribe; and the name of the client whom the designated attorney was then representing, or the name of the case pending before the defendant in which that attorney was then involved.

The defendant's challenge to this second set of predicate acts is twofold. First, the defendant contends that predicate act numbers 2 and 3 are too vague because they do not specify the cash amount of the bribes allegedly made. In response, the Government argues that the specific amounts of the cash bribes are "minor evidentiary details" which need not be included to satisfy constitutionally acceptable standards.

■ While we agree that the absence of the specific cash amounts does not render

these portions of the indictment unconstitutionally vague, we disagree with the Government's characterization of this information. Indeed, the Government's specification of the cash amounts in the remaining predicate acts betrays the speciousness of its argument. If the Government truly believed that the cash amounts of the various bribes were merely "minor evidentiary details," then the Government would not have specified these amounts in predicate act numbers 4 through 20. In any event, the defendant is entitled to this information and the Government has offered no legitimate reason for withholding it. Thus, the Government is required to disclose this information in its bill of particulars, as more fully set forth later in this opinion.

■ The defendant also argues that predicate act numbers 18, 19, and 20 are unconstitutionally vague because they fail to identify the names of those attorneys who were allegedly solicited by the defendant for bribes. In response, the Government points out that it has supplied, by way of a response to the defendant's motion for a bill of particulars, the names of those attorneys generically referred to, though not specifically identified by name, in predicate act numbers 18, 19, and 20. That response, however, is disingenuous.

We note that predicate act numbers 18 and 19 at least identify the names of the cases for which the defendant allegedly solicited the respective bribes. Thus, even without the particulars subsequently supplied by the Government, they sufficiently apprise the defendant of the factual basis for the underlying charges. Accordingly, we find that these predicate acts meet the minimum constitutional standards enunciated in *Russell*, if only the bare minimum.[2]

■ Predicate act 20, however, runs afoul of constitutionally acceptable standards. It alleges:

---

**1.** The same conduct complained of in predicate act number 1 of Count One constitutes the basis of a separate obstruction of justice charge in Count Four. Since the defendant's challenges to these two portions of the indictment are identical, for the sake of convenience and clari-

ty, we address them in our discussion of Count Four.

**2.** Nevertheless, we do not condone the practice of drafting indictments which minimally comply with the standards enunciated in *Russell* and its progeny.

From in or about 1980 to in or about 1983, defendant JOHN J. McDONNELL did commit multiple acts of bribery in violation of Illinois State Law by accepting and agreeing to accept cash bribes ranging from approximately $50—$500 from or on behalf of an attorney who practiced before defendant JOHN J. McDONNELL, which cash bribes defendant JOHN J. McDONNELL was not authorized by law to accept, knowing that such cash bribes were promised and tendered to defendant JOHN J. McDONNELL with the intent to cause defendant McDONNELL to influence and, pursuant to an understanding that defendant McDONNELL would be influenced in, the performance of acts related to his employment and function as a judge at Branch 46, in the First Municipal District, Circuit Court of Cook County.

Apparently a "catchall" charge, predicate act 20 spans a period of three years, alleges "multiple" acts of bribery, and encompasses cash bribes ranging from anywhere between $50.00 and $500.00 in amount. Yet, this predicate act fails to identify either the name of the attorney from whom the defendant allegedly accepted the bribes or the name of the case or cases with which that attorney was affiliated. Without this critical information, the defendant cannot prepare a meaningful defense; he can only hazard to guess at the identity of this attorney or the names of those cases with which this attorney was affiliated.

The Government nonetheless attempts to cure the deficiencies of this portion of the indictment by supplying the name of the attorney referred to in predicate act 20 in its response to the defendant's alternative motion for a bill of particulars. According

to *Russell*, however, "a bill of particulars cannot save an invalid indictment." [3] *Russell*, 369 U.S. at 770, 82 S.Ct. at 1050; *see also United States v. Dorfman*, 532 F.Supp. 1118, 1126 (N.D.Ill.1981). As the Supreme Court observed in *Russell*, to hold otherwise would undermine the integrity of the constitutional right to a grand jury indictment:

> To allow the prosecutor, or the court, to make a subsequent guess as to what was in the minds of the grand jury at the time they returned the indictment would deprive the defendant of a basic protection which the guaranty of the intervention of the grand jury was designed to secure. For a defendant could then be convicted on the basis of facts not found by, and perhaps not even presented to, the grand jury which indicted him.

*Russell*, 369 U.S. at 770, 82 S.Ct. at 1050.

The same principle applies with equal force to this case. From the face of the indictment, it is unclear what facts, if any, the grand jury could and did rely upon in returning this portion of the indictment. For that reason, we dismiss predicate act 20 of Count One of the indictment. The balance of Count One, however, meets the constitutional requirements of *Russell* and remains intact.

Likewise, the remaining counts in the indictment withstand constitutional scrutiny. Counts Two and Three each charge the defendant with extorting cash on a specific date from an attorney identified by name. Both of these counts incorporate by reference paragraph 1 of the first count, which recites the underlying facts presumably common to all counts. In addition, both of the counts track the applicable lan-

---

**3.** We are mindful that this circuit, on at least one occasion, has liberally interpreted *Russell* and has stated that a criminal defendant "can cure any uncertainty he has about the factual setting for the charged criminal conduct by requesting a bill of particulars." *United States v. Kramer*, 711 F.2d 789, 796 (7th Cir.), *cert. denied*, 464 U.S. 962, 104 S.Ct. 397, 78 L.Ed.2d 339 (1983). Nevertheless, we find it difficult to reconcile this statement in *Kramer* with the clear mandate of *Russell*. Our difficulty stems from the Supreme Court's detailed discussion in *Rus-*

*sell* of the grand jury's purpose and function and the ease with which they could be undermined if indictments lacked a clear factual basis when presented to the grand jury. *See Russell*, 369 U.S. at 760–771, 82 S.Ct. at 1045–1051. Moreover, where, as here, the problem could have been obviated by simply including the requisite information in predicate act 20 (as was done in the majority of the other 19 predicate acts), and the problem may still be rectified by a superseding indictment, we perceive no reason to deviate from *Russell's* mandate.

guage of the federal extortion statute and include all of the essential legal elements of the offense. *See* 18 U.S.C. § 1951(b)(3). Though these particular counts, like certain predicate acts in Count One, do not specify the exact or approximate amount of the cash allegedly extorted, we have ordered the Government to disclose this information in its bill of particulars. Armed with this information, the defendant cannot credibly maintain that he is unable to prepare a defense to the charges in these counts.

Count Four charges the defendant with obstruction of justice and is couched in the applicable statutory language. *See* 18 U.S.C. § 1503. In substance, this count mirrors predicate act number 1 of Count One (which we have already summarized above), but sets forth additional facts related to the existence of a federal grand jury investigation. In its response to the defendant's motion for a bill of particulars, the Government has supplemented this count (as well as predicate act number 1 of Count One) with details regarding the approximate time and place of the conversation between the defendant and Mann which engendered this charge.

■ Nonetheless, the defendant disputes the legal sufficiency of Count Four. Without the benefit of authority, the defendant suggests that the remarks attributed to the defendant cannot support a charge for obstructing justice under 18 U.S.C. § 1503 because they amount to nothing more than the defendant's denial of guilt—a right enjoyed by all citizens. We, however, disagree with the defendant's analysis of this count. In substance, this count of the indictment alleges that the defendant attempted to thwart the grand jury's investigation by soliciting Mann to assist the defendant in concealing their mutual involvement in a bribery scheme. Without more, these allegations state a legally sufficient claim under 18 U.S.C. § 1503. They also fairly apprise the defendant of the nature of the charge leveled against him. Thus, under *Russell* and its progeny, Count Four (as well as predicate act number 1 of Count

One) satisfies constitutionally acceptable standards.

■ Finally, Counts Five, Six, and Seven charge the defendant with making false statements on his federal income tax returns for the years 1981, 1982, and 1983, respectively. Framed in the language of 26 U.S.C. § 7206(1), all of these counts allege that the defendant filed returns which he did not believe to be true for each of those years. Additionally, all of these counts specify the amount of income reported by the defendant for each of the years in question and allege that the defendant's income for each of those years exceeded the amount reported. These allegations are constitutionally sufficient. *See United States v. Marrinson*, 832 F.2d 1465, 1476 (7th Cir.1987).

Yet, the defendant contends that these counts are deficient because they neither specify the total amount of income that the Government theorizes the defendant should have reported nor identify the source of that income. Such evidentiary detail, however, is not required. The Government has already agreed to produce the summaries, charts and financial analyses it intends to use to prove these charges. In addition, the Government has revealed that it plans to prove these charges by using a specific item method of proof corroborated by a cash expenditures analysis. This information, coupled with the information contained in the indictment, sufficiently apprises the defendant of the charges against him in the tax counts so that he may adequately prepare a defense.

In sum, our review of the indictment reveals that except for predicate act 20 of Count One, each count on its face satisfies the constitutional requirements of *Russell* and its progeny, as well as the requirements of Rule 7(c)(1) of the Federal Rules of Criminal Procedure. Moreover, aside from predicate act 20 of Count One, taken together, the allegations in the indictment, the information voluntarily supplied by the Government through discovery, and the information to be provided in the Government's bill of particulars furnishes the defendant with abundant information to pre-

pare a defense and to protect himself against double jeopardy.[4] Consequently, the defendant's motion to dismiss predicate act 20 of Count One of the indictment is granted and his motion to dismiss the remainder of the indictment is denied.

## II. *Motion For A Bill Of Particulars*

Alternatively, the defendant has filed a motion for a bill of particulars pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure. In this motion, the defendant seeks a variety of additional information related to each of the seven counts of the indictment. Again, the Government has voluntarily furnished some additional details, but has refused to supply others because the Government believes that the latter constitute evidentiary details beyond the pale of a bill of particulars.

Rule 7(f) of the Federal Rules of Criminal Procedure authorizes the court to order the filing of a bill of particulars whenever the indictment fails to sufficiently apprise the defendant of the charges in the indictment so that he can prepare an adequate defense. *See* Fed.R.Crim.P. 7(f); *United States v. Kendall,* 665 F.2d 126, 134 (7th Cir.1981), *cert. denied,* 455 U.S. 1021, 102 S.Ct. 1719, 72 L.Ed.2d 140 (1982). The parameters of Rule 7(f), however, are not without limits. While the defendant is entitled to know the factual details of the offense with which he is charged, he is not entitled to know the details of how the offense will be proved. *Kendall,* 665 F.2d at 135. Evidentiary details exceed the proper scope of a bill of particulars.

As mentioned previously in this opinion, in this case, certain portions of the indictment, though not unconstitutionally vague, lack particularity. In some of those in-

stances, the Government has voluntarily furnished or has promised to furnish sufficient additional information in response to the defendant's requests. Consequently, these requests are moot and we deny them as follows: 1, 6, 8, 13, 17, 19, 20, and 29.[5] In other instances, the Government has specifically declined to supply additional information in response to the defendant's requests, though we believe that the defendant needs such information to prepare an adequate defense. We therefore grant these requests as follows: 2, 5, 7, 9, 10, 11, 12, 16, and 30.[6] Finally, in the remainder of the defendant's requests, he seeks to discover information which falls into the category of evidentiary detail. Because we believe that these requests exceed the scope of Rule 7(f), we deny them as follows: 3, 4, 18, 21–28, and 31.

Accordingly, the defendant's motion for a bill of particulars is granted in part and denied in part. The Government is ordered to file its bill of particulars, as set forth above, on or before September 30, 1988.

## III. *Motion For Discovery Of Summaries, Charts, and Financial Analyses*

The defendant seeks an order directing the Government to produce final drafts of all summaries, charts, and financial analyses at least six weeks prior to trial. This motion is denied as moot based upon the Government's representation that it will produce these documents on or before September 6, 1988 or as soon thereafter as these documents are completed in final form.[7] If the Government has not already done so, the Government is ordered to produce the final drafts of all of these documents to the defendant no later than Sep-

---

**4.** We do not believe that this indictment presents a double jeopardy problem because *Russell* states that a defendant may rely upon "other parts of the ... record" (which would include a bill of particulars) *to protect himself* from double jeopardy. *Russell,* 369 U.S. at 764, 82 S.Ct. at 1047; *see also United States ex rel. Ballard v. Bengston,* 702 F.2d 656, 661 (7th Cir. 1983).

**5.** In a few instances, (*see, e.g.,* request 1(d)), the Government has not supplied *all* of the information contained in the defendant's requests, but

we believe that what has been supplied is sufficient.

**6.** Requests 14 and 15 each incorporate by reference requests 2 *and* 3. To the extent that requests 14 and 15 seek the same information as request 2, they are granted; however, to the extent that requests 14 and 15 seek the same information as request 3, they are denied.

**7.** Because the trial date has now been postponed until November 14, 1988, the dispute over the deadline for production is moot.

tember 30, 1988; otherwise, the Government will be barred from using these documents at trial.

### IV. *Motion For Disclosure Of Exculpatory Evidence, Including Impeaching Information*

██ In this motion, the defendant seeks an order requiring the Government to disclose a wide array of information prior to trial, pursuant to the dictates of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), *Giglio v. United States*, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 140 (1972), and Rule 16 of the Federal Rules of Criminal Procedure. We deny the motion on two separate grounds.

First, the Government's compliance or promise to comply with many of the defendant's particular requests renders much of the defendant's motion moot. Specifically, the Government has promised to produce an FBI Report of Interview which contains presumably exculpatory statements made by an attorney to the FBI. Although this is the only exculpatory evidence about which the Government is currently aware, the Government has stated that it recognizes its continuing obligation to comply with the dictates of *Brady* should it become aware of additional exculpatory information.

In addition, the Government has agreed to produce to the defendant, five days in advance of trial, all information bearing on the credibility of the witnesses that the Government anticipates calling in its case-in-chief. Instead of responding to the defendant's particular requests for impeaching information on an item-by-item basis, however, the Government has rather generally described the types of materials which it believes bear on witness credibility. For the sake of clarity, the Government, pursuant to its agreement to comply, shall produce any of the following information within its possession, custody, or control pertaining to its witnesses: (1) criminal records; (2) evidence of bad acts; (3) grants of immunity, plea agreements, promises of leniency or other favorable treatment or benefits, or payments of money or other remuneration; (4) potential prosecutions; and (5) evidence or records relating to alcoholism, drug use, and mental or physical impairments.[8]

We deny the balance of the defendant's motion because it requests information which falls far afield of *Brady, Giglio,* or Rule 16. As the Supreme Court observed recently in discussing the parameters of *Brady* and its progeny:

> The *Brady* rule is based on the requirement of due process. Its purpose is not to displace the adversary system as the primary means by which truth is uncovered, but to ensure that a miscarriage of justice does not occur. Thus, the prosecutor is not required to deliver his entire file to defense counsel, but only to disclose evidence favorable to the accused that, if suppressed, would deprive the defendant of a fair trial ...

*United States v. Bagley,* 473 U.S. 667, 675, 105 S.Ct. 3375, 3379, 87 L.Ed.2d 481 (1985).

*Brady* does not authorize the defendant to conduct a fishing expedition for exculpatory material based on nothing more than mere speculation. *See United States v. Davis,* 752 F.2d 963, 976 (5th Cir.1985). Nor does it obligate the Government to obtain information outside of its files for the purpose of discovering information which defense counsel can use to impeach the credibility of prosecution witnesses. *See Morgan v. Salamack,* 735 F.2d 354, 358 (2d Cir.1984); *see also United States v. Navarro,* 737 F.2d 625, 630–631 (7th Cir.), *cert. denied,* 469 U.S. 1020, 105 S.Ct. 438, 83 L.Ed.2d 364 (1984).

Consistent with these parameters, we find that the defendant has not sufficiently demonstrated that the balance of the materials he seeks contains impeaching information. Thus, the Government need not produce raw investigative files on its witnesses from the Internal Revenue Service (IRS), the Federal Bureau of Investigation (FBI), the pretrial services department, the probation department, or any other federal

---

**8.** The Government has also promised to provide the defendant with all material required under the Jencks Act, 18 U.S.C. § 3500, in accordance with this Court's standing order.

or state agency. *See, e.g., Navarro,* 737 F.2d at 630–31 (defendant not entitled to production of Immigration and Naturalization Service (INS) files on government witness where defendant merely claimed it *might* contain impeaching evidence). Nor is the Government required to produce the financial records or personnel records of its witnesses. *See, e.g., United States v. Andrus,* 775 F.2d 825, 843 (7th Cir.1985) (defendant not entitled to production of personnel files of witnesses "without even a hint" that such files might contain impeaching information.) Finally, the Government has no duty to produce evidence which demonstrates that the defendant did not commit similar crimes on other occasions. Such evidence is irrelevant. *See United States v. Winograd,* 656 F.2d 279, 284 (7th Cir.1981), *cert. denied,* 455 U.S. 989, 102 S.Ct. 1612, 71 L.Ed.2d 848 (1982).

Granting these requests on the mere specter that they "might" uncover exculpatory information not only would impose undue hardship on the Government, but also would effectively displace the adversarial balance in this case. While the defendant is certainly entitled to discover all of the information in the Government's files which falls within the ambit of *Brady* and its progeny, he does not enjoy an unfettered license to loot or comb the Government's files, nor can he require the Government to search for exculpatory information. Accordingly, we deny the defendant's motion in part because it is moot and in part because he is not entitled to some of the information requested.

IT IS SO ORDERED.